IN THE DISTRICT COURT OF THS VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| YVESE CALIXTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2009-171 |
| | ) |
| ENID EDWARDS, FRANCIS BROOKS, BILL JOHN-BAPTISTE, individually and in their capacity as police officers of the Virgin Islands Police Department, GOVERNMENT OF THE VIRGIN ISLANDS and the VIRGIN ISLANDS PORT AUTHORITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On December 1, 2009, Yvese Calixte filed this action against two Virgin Islands Police Department officers and one Virgin Islands Port Authority ("VIPA") officer, as well as against the Government of the Virgin Islands ("Government") and VIPA itself, alleging violations of her civil rights, negligence, and a variety of intentional torts, arising from an incident on April 2, 2008. Plaintiff now moves to amend her complaint to add and delete certain factual allegations, and to assert claims of negligent hiring and retention and negligent training and supervision against the Government of the Virgin Islands and the Port Authority. Defendants John-Baptiste, VIPA and the Government oppose the motion. John-Baptiste and VIPA also have moved to strike certain unspecified proposed amendments.

## I. LEGAL STANDARD

Because plaintiff seeks to amend the complaint to assert additional claims after the statute of limitations on those claims has passed, the Court must first decide whether the claims stated in the proposed amendments "relate back" to the date of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(B).[1] To the extent that they do, then the Court "should freely give leave [to amend] when justice so requires."[2] On the other hand, leave to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile."[3] Proposed amendments would be futile if they "fail to state a claim upon which relief may be granted."[4] "Futility" is assessed under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[5] Thus, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to state a

---

[1]  Federal Rules of Civil Procedure 15(c)(1)(B) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> \* \* \*
>
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading. . .

[2]  Fed. R. Civ. P. 15(a)(2).

[3]  *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa. December 21, 2009) *(*citing *Foman v. Davis*, 371 U.S. 178 (1962)).

[4]  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[5]  *Id.*

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 3 of 10

claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[7]

In addition, with respect to the tort claims asserted against the Government, the Court must determine whether an amendment that adds claims comports with the notice and other requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3409(c)[8] and 3410 [9].

## II. ANALYSIS

A. **Relation Back Under Rule 15(c)(1)(B)**

1. Negligent Training and Supervision

---

[6] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 193 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Ashcroft,* 129 S. Ct. at 1949.

[8] 33 VIC § 3409 (c) provides:

> a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such an officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

[9] V.I.C. § 3410 in pertinent part provides:

> The claim shall state the time when and the place where such claim arose, the nature of same, and items of damages or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated.

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 4 of 10

The incident that gave rise to this action occurred on April 2, 2008. The initial complaint was filed on December 1, 2009. On November 1, 2010, seven months after the statute of limitations[10] expired, plaintiff moved to amend the complaint to assert causes of action for negligent training and supervision, alleging that the Government and VIPA negligently trained and supervised the individual defendants, and that these negligent actions were the proximate cause of the April 2, 2008 incident. In fact, plaintiff had made virtually all of these allegations (for example, in Count VI) in the original complaint, albeit under the heading of "Negligence." Because under Rule 15(c)(1)(B) an amendment will relate back to the time of the initial filing if the amendment asserts a claim that arose out of the same conduct, transaction or occurrence as alleged in the original pleading,[11] these causes of action, arising out of the same April 2, 2008 incident as alleged initially (and because they were in fact pled in the original complaint), will relate back to December 1, 2009. Consequently, they are not barred under statute of limitations.

    2. <u>Negligent Retention</u>

The tort of negligent retention requires that an employer knew or should have known of an employee's unfitness, and failed to take action to address the employee's unfitness.[12] Like the negligent supervision and training claims, the Court finds that there are allegations in the original

---

[10] V. I. Code Ann. tit 5, § 31(5) provides for a two-year statute of limitations for actions of "libel, slander, assault, battery, seduction, false imprisonment, or any injury to the person or rights of another not arising on contract and not herein especially enumerated . . . ."

[11] Fed. R. Civ. P. 15(c)(1)(B).

[12] See, e.g., 27 Am Jur. § 396.

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 5 of 10

complaint that gave fair notice of this cause of action against the Government, [13] although there do not appear to have been similar allegations against the Port Authority. Nevertheless, because these claims meet the "same occurrence" requirement under Rule 15(c)(1)(B), they relate back to December 1, 2009, and are not time-barred.

    3.  Negligent Hiring

A cause of action for negligent hiring stands on a different footing than the other direct negligence claims alleged against the Government and VIPA. This cause of action requires allegations that go to the state of knowledge of an entity at the time the individual is hired[14] as well as allegations related to the later conduct. This claim will relate back as to VIPA because it meets the requirements of Rule 15(c)(1)(B) and the claim is sufficiently detailed in the proposed amendment.

With respect to such claims as against the Government, however, although the claim might relate back under Rule 15, the Court cannot conclude that the proposed amendment meets the pleading requirements of *Ashcroft* and *Twombly*. The proposed amendment seems to relate only to post-hiring conduct, facts and knowledge of the Government, and does describe in any way the state of knowledge of the Government or facts in existence prior to hiring the individual defendants. As such, allowing the amendment would be futile.

---

[13]    See, e.g., plaintiff's original complaint allegations 39-41.

[14]    See, e.g., 27 Am Jur. § 392 ("the plaintiff must prove: (1) that the employer knew or in the exercise of ordinary care should have known of its employee's unfitness at the time of hiring").

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 6 of 10

### 4.  Allegations Related to Specific Sexual Misconduct

Defendants Port Authority and John-Baptiste contend that their first notice of the specific factual allegations of oral sex and the threat was in plaintiff's motion to amend, filed more than two years and seven months after the incident.  As such, they assert that these "claims" are time barred, citing *Maegdlin v. Int'l Association of Machinist*.[15]  The Court observes that the proposed amendments relate to additional factual allegations underlying the claim of sexual assault that was raised in the initial complaint, and deal with the same occurrence as originally alleged.  As such, they relate back to the time of the original filing.  Accordingly, the motion to amend the complaint to assert these factual allegations will be decided by the standard articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under *Foman,* as discussed, leave to amend should be freely given absent undue delay, bad faith, prejudice or futility.  Although a significant time has elapsed since the original complaint was filed, time alone is not dispositive.  Neither plaintiff's nor defendant John-Baptiste's depositions have been taken in this case.  There is thus no undue prejudice to defendants as they will have ample opportunity to explore these allegations in further discovery.

### B.  Virgin Islands Tort Claims Act - 33 VIC § 3409(c)

The Government contends that plaintiff's claims should not relate back under Rule 15(c)(1)(A),[16] urging in essence that the end of the two-year notice period provided in the Tort Claims Act is an absolute bar to a later amendment.  Rule 15(c)(1) is written in the disjunctive,

---

[15]   309 F. 3d 1051 (8th Cir. 2002).

[16]   The Government cited Rule 15(c)(1).  However, Rule 15(c)(1) has been superceded by Rule 15(c)(1)(B) as a result of the 2007 amendments to the Rule.

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 7 of 10

however, so relation back is permitted under three possible alternative circumstances. Here, because the claims arise out of the same occurrence described in the original complaint, they relate back under Rule 15(c)(1)(B), regardless of 33 VIC § 3409(c), which is silent on the issue of relation back. The Government points to no authority for the proposition that the Tort Claims Act, rather than Rule 15, governs this inquiry, and the Court is unaware of any such authority. Consequently, the proposed amendments will be allowed.

### C. Notice of Intention to File a Claim under 33 VIC § 3410

The Government also argues that the motion should be denied because the plaintiff did not provide notice of intent to file a "different claim" prior to filing the motion to amend. By "different claim," the Government is referring to plaintiff's claims of negligent hiring, retention, training and supervision. Similarly, VIPA and John-Baptiste contend that the allegations regarding oral sex and the alleged threat were also not mentioned in the notice of intention to file a claim, and that the amendment should be disallowed for this reason. In essence, although defendants do not allege any deficiency in plaintiff's June 11, 2008 notice of intention to file a claim, they argue that plaintiff must provide subsequent section 3410 "notice" of any proposed amendments.

Section 3410 does not address, and therefore does not require, the filing of a subsequent notice of intention to file a claim before a plaintiff moves to amend to assert additional claims or facts relating to the same incident advised of in the original notice. Rather, section 3410 merely provides that the notice of intention to file claim shall state the time and place where the claim arose and the nature of the claim.

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 8 of 10

In *Albert v. Abramson's Enterprises, Inc.*,[17] the Third Circuit noted that "the district and territorial courts of the Virgin Islands have given a broad reading to the purpose of the filing of a claim or a notice of intention."[18]  These Virgin Islands courts have determined that the purpose is "to give the officers of the state prompt notice of the damages or injuries"[19] and "to avoid prejudice to the government in its investigation of the claim and its assessment of liability."[20]  Plaintiff's notice of intention to file a claim meets these requirements and achieves the objectives of section 3410.

Furthermore, as noted above, although plaintiff did not set out the causes of action for negligent retention, supervision and training labeled as such, these allegations do appear in the original complaint.  Likewise, plaintiff alleges a sexual assault in that pleading.  Thus, defendants had notice of the plaintiff's "claim" -- sufficient to comply with section 3410 -- from the filing of the initial complaint.  The Court thus finds that there is no requirement for additional "notice" under section 3410.

### D. Sovereign Immunity

The Government also contends that sovereign immunity cannot be waived as to the proposed additional claims because these claims were asserted outside the two-year notice period provided for in 33 VIC § 3409(c).  This is simply another way of stating the argument already

---

[17]  790 F.2d 380 (3d Cir. 1986).

[18]  *Id.* at 382.

[19]  *Id.* (citing *McBean v. Government of the Virgin Islands*, 19 V.I. 383, 387 (Terr. Ct. 1983)).

[20]  790 F.2d at 382.

*Yvese Calixte v. Enid Edwards, et al.*, Civil No. 2009-171
Memorandum and Order
Page 9 of 10

addressed in part B above. Furthermore, by virtue of Section 3408(a),[21] the Government consents to have its liability determined in accordance with the rule of law applied in the courts of the Virgin Islands, to the extent there has been compliance with the Tort Claims Act. Because the Court is satisfied that plaintiff has complied with the necessary provisions of the Act in order to maintain her action, there is no need for an additional waiver of sovereign immunity here.

### E.  Jurisdiction Over the Proposed Additional Claims

The Government contends that the Court does not have jurisdiction to hear the proposed additional claims because the claims do not relate back to the date of the original complaint. Since, as discussed, the claims do relate back under Rule 15, this argument has no merit.

### F. Bad Faith, Delay, Prejudice to the Defendants

John-Baptiste and VIPA allege that plaintiff unjustifiably delayed in bringing the motion because plaintiff swore to the truth of a particular set of facts in the verified complaint and in answers to interrogatories, and now is stating something different. The Court does not agree that such conduct constitutes unjustified delay. There are mechanisms available to defendants to deal with the alleged changes in testimony or in a sworn statement.

The defendants also allege prejudice, but do not state how they would be prejudiced. Discovery is ongoing and defendants have had and will continue to have ample opportunity to explore these amendments in depositions and otherwise. Further, defendants should not be

---

[21]  33 VIC § 3408(a) in pertinent part provides: "The Government consents to have the liability determined in accordance with the same rule of law applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provision of this chapter."

prejudiced regarding the additional negligence-based claims as they were put on notice of such claims from the filing of the original complaint.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion is GRANTED in part and DENIED in part as follows:

All proposed amendments shall be permitted to stand except that the motion to amend to make a claim for negligent hiring against the Government of the Virgin Islands is DENIED without prejudice; and it is further

ORDERED that plaintiff's amended complaint shall be deemed filed of the date of entry of this Order; it is further

ORDERED that this complaint shall be referred to as the First Amended Complaint; and it is further

ORDERED that defendants shall answer plaintiff's First Amended Complaint within 21 days of the entry of this Order; and it is further

ORDERED that defendants' Motion to Strike is DENIED.

S\_____
**RUTH MILLER**
United States Magistrate Judge