IN THE DISTRICT COURT OF THS VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| YVESE CALIXTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2009-171 |
| | ) | |
| ENID EDWARDS, FRANCIS BROOKS, | ) | |
| BILL JOHN-BAPTISTE, individually and | ) | |
| in their capacity as police officers of the | ) | |
| Virgin Islands Police Department, | ) | |
| GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS and the VIRGIN ISLANDS | ) | |
| PORT AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

Defendant Bill John-Baptiste and the Virgin Islands Port Authority ("VIPA") move for sanctions in the form of an award of costs and fees incurred as a result of plaintiff's failure to appear for her deposition on September 28, 2010.

On September 17, 2010, these defendants noticed the depositions of plaintiff and two other witnesses, to take place on September 27, 2011. On September 21, defendants filed amended notices for these witnesses, changing the times for the September 27 depositions, and also filed a notice to depose an additional witness. On September 26, 2010, the Government of the Virgin Islands sought to quash the notices (ECF 59), as counsel had not been consulted as to his availability for these proceedings. In a conference with the Court on September 27, the parties agreed to continue the depositions to the following day.

In a meeting between counsel for John-Baptiste and VIPA, a representative of their insurer and counsel for plaintiff on the afternoon of September 27, counsel for plaintiff announced that he

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 2 of 7

would not be producing plaintiff for her deposition the following day.  John-Baptiste and VIPA thereafter filed a motion to compel plaintiff's deposition (ECF 61), and plaintiff filed a motion for a protective order (ECF 63), seeking to continue that deposition.[1]  In plaintiff's motion, she argued that she should not have to be deposed because she could not obtain reciprocal discovery from some of the defendants,[2] and that proceeding with plaintiff's deposition would "adversely affect" the ability of the Federal Government to prosecute a related criminal case.

On September 28, 2010, plaintiff did not appear for her deposition, but defendants took the depositions of the three other witnesses whose depositions had been noticed.

On November 5, 2010, defendants filed the instant motion for fees and costs (ECF 72). Defendants seek reimbursement for attorneys' fees of Robert L. King, counsel to defendants, and of Donna Albert, a representative of defendants' insurance carrier who is also an attorney. Defendants also seek an award of Ms. Albert's travel costs, and costs related to a court reporter and a translator.

Legal Standard

Pursuant to Rule 37(d)(1)(A)(i)[3] a court, on motion, may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Rule 37(d)(2) provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the

---

1 These motions were eventually held to be moot, as plaintiff's deposition was rescheduled and taken.

2 The three individual defendants were also defendants in a criminal case being prosecuted at that time as Case No. 10-cr-36.  The docket does not reflect any effort to notice these defendants' depositions in the present civil matter as of September 28, 2010.

3 Defendants cite 5 V.I.C § 541 as the basis for their entitlement to fees and costs.  That statute pertains to prevailing party fees and costs, however, not to the present situation involving a failure to cooperate in discovery.

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 3 of 7

discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Further, Rule 37(d)(3) provides that:

> [s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Although Rule 37 suggests that a pending motion for protective order may be sufficient excuse for failing to attend a properly noticed deposition, some courts have held otherwise.[4]

Under 37(d)(3) sanctions must be imposed for failing to attend a properly noticed deposition unless a court finds that the failure was substantially justified or other circumstances make an award of expenses unjust.[5] "A party is 'substantially justified' in its failure to cooperate in discovery when there is a 'genuine dispute, or if reasonable people could differ as to the [the appropriateness of the contested action].'"[6] The "substantial justification" test was discussed in the Advisory Committee Notes of 1970 to amended Rule 37. There the Committee explained:

---

4  E.g., *Sheen v. Continental Insurance Co.,* 18 V.I. 164, 165-66 (Terr. Ct. 1982) (no excuse for failing to attend deposition in the absence of a ruling on the motion for protective order).

5  *Atwell v. SPX Cooling Technologies, Inc.,* 2011 U.S. Dist. LEXIS 60456, at *7-8 (M.D. Pa. June 6, 2011) (finding that the explanation that plaintiff was "not available" for cancellation of deposition on one day's notice, especially when the other party had already travelled to the deposition location, was not substantial justification and warranted an award of attorney's fees and costs); *Sharpes v. Paul Frank Roofing and Waterproofing Co.*, 1994 U.S. Dist. LEXIS 10825, at *7 (E.D. Pa. Aug. 5, 1994) (finding that the deponent's "failure to attend his deposition without first applying for a protective order was not substantially justified and that there are no other circumstances that would make an award of expenses unjust"); *East-West Arts and Entertainment Group, Inc. v. DeYoung*, 1992 U.S. Dist. LEXIS 7377, at *3-6 (E.D. Pa. May 8, 1992) (finding no substantial justification for cancelling deposition one day before noticed date on the basis that defendant was out of the country when plaintiff had been trying to reschedule the deposition for six months prior and defendant knew plaintiff was travelling from Europe to attend deposition).

6  *Atwell v. SPX Cooling Technologies, Inc.,* 2011 U.S. Dist. LEXIS 60456, at *6 (M.D. Pa. June 6, 2011) (citations omitted).

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 4 of 7

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases the losing party is substantially justified in carrying the matter to court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine issue exits. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.[7]

Additionally, a court "should consider all the circumstances when determining appropriate sanctions, including whether a party's failure to cooperate in discovery was inadvertent or in bad faith."[8]

Analysis

The Court must therefore make the determination whether plaintiff was "substantially justified" for failing to attend her deposition or if other circumstances make an award of expenses unjust. Here, although plaintiff did file a motion for protective order, she did not obtain a ruling on that motion before announcing the day before it was to take place that she would not attend the deposition. Further, plaintiff had initially agreed to go forward with her deposition, knowing that some defendants might decline to testify in depositions with the criminal case still pending. Thus, her last minute argument that she might not be able to obtain reciprocal discovery against some defendants does not carry much weight in this motion. Also, plaintiff fails to explain how, if at all, giving her deposition could impact the prosecution of the criminal case, in which she was to be a witness, and the Court can conceive of no such impact. Therefore, the Court finds that plaintiff was not substantially justified in failing to attend her noticed deposition. Nor has the Court been

---

[7] Advisory Committee Notes of 1970 to amended Rule 37; see *Barowski v. Paoli Memorial Hospital*, 1986 U.S. Dist. LEXIS 18964, *11 (E.D. Pa. Oct. 20, 1986) (citation omitted).

[8] *Atwell, supra,* 2011 U.S. Dist. LEXIS 60456, at *6-7.

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 5 of 7

advised of any other circumstances that would make an award of expenses unjust.

    The Court must then determine what reimbursement of fees and costs to defendants is appropriate.

    a. Attorney's Fees for Time Expended by Donna E. Albert: Ms. Albert is not an attorney of record in this matter, nor has she sought to be admitted *pro hac vice* as attorney for any party. Her participation in this matter is therefore only as a representative of defendants' insurance carrier, which is providing a defense to defendants. The Court thus finds that defendants are not entitled to recoup any "attorney's fees" in respect of her efforts.

    b. Attorney's Fees for Time Expended by Robert L. King: Attorney King states that he expended various amounts of time in different activities related to the preparation for taking the plaintiff's deposition (4.0 hours), in responding to and arguing plaintiff's motion for a protective order (4.75 hours), and in preparing the motion to compel (2.5 hours). Attorney King states he charges defendants $250.00 per hour which, although unsupported by additional evidence as to prevailing rates in the community, appears reasonable. Inasmuch as Attorney King's time to prepare for the deposition of plaintiff is not detailed in any way, and because such efforts could have assisted in the taking of her deposition whenever it eventually occurred, these efforts are not compensable as resulting from plaintiff's non-appearance. Moreover, time in responding to the motion for protective order was also not occasioned by plaintiff's failure to appear; rather plaintiff was entitled to file the motion prior to the deposition

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 6 of 7

    and pursue that position. Accordingly, defendants will be awarded fees in the amount of $625.00, incurred in connection with filing the motion to compel only.

c. Fee for the Court Reporter: It appears that three other depositions went forward on September 28, 2010, and defendants provided no evidence of any fee charged for the court reporter's appearance, let alone for the sole purpose of plaintiff's deposition. This will not be allowed as a cost.

d. Fee for the translator: Likewise, three other depositions went forward on September 28, 2010, and defendants provided only a receipt for $900 for interpretation by the translator. There is no indication of any fee charged by this individual or incurred for the sole purpose of interpreting at plaintiff's deposition. This cost also will be disallowed.

e. Travel, lodging and other expenses related to Donna Albert: Defendants contend that Ms. Albert traveled to the Virgin Islands solely to observe plaintiff's deposition, and that plaintiff was aware that she would do so at the time the deposition was originally scheduled. As a result of plaintiff's failure to attend, defendants argue, they incurred a total of $1,138.02 in unnecessary travel expenses. It does appear from the record, however, that Ms. Albert was able to attend and observe depositions of other witnesses, and that she was able to meet with plaintiff's counsel to discuss the case. Accordingly, the defendants will be awarded reimbursement of two thirds of the charges incurred, or $758.68.

*Yvese Calixte v. Enid Edwards, et al.*
Civil No. 2009-171
Page 7 of 7

The premises considered, IT IS HEREBY ORDERED:

That defendant John-Baptiste's and VIPA's motion for costs and fees is GRANTED in part and DENIED in part; and it is further ORDERED

That plaintiff and her counsel shall reimburse defendants the costs and fees incurred as a result of her failure to attend her deposition on September 28, 2010, in the amount of One Thousand Three Hundred Eighty-Three and 68/100 dollars ($1,383.68), payable within 30 days of the date of this Order.

S\_____
RUTH MILLER
U.S. MAGISTRATE JUDGE